**Albert L. HANSEN et al., Plaintiffs,**

v.

**Norman L. SCHOTT, Administrator, Defendant.**

**Civ. No. 3575.**

United States District Court
N. D. Indiana,
South Bend Division.
July 7, 1967.

Edgar W. Bayliff and C. Michael Cord, of Cook, Bayliff, Mahoney & Martin, Kokomo, Ind., Marshall, Hillis, Hillis & Button, Kokomo, Ind., and Phillip Carlton Potts, South Bend, Ind., for plaintiffs.

Roland Obenchain, Jr., and Frederick H. Link, of Jones, Obenchain, Johnson, Ford & Pankow, South Bend, Ind., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### I

### FINDINGS OF FACT

GRANT, Chief Judge.

1. Plaintiff Albert L. Hansen, Sr. is the father of plaintiff Albert L. Hansen; said plaintiffs are citizens of the State of Illinois. Plaintiff Ollie G. Crenshaw is the father of plaintiff Barbara Crenshaw; said plaintiffs are citizens of the State of Alabama. Plaintiff Walter C. Mertens is the father of plaintiff Gloria Mertens Peters; plaintiff Walter C. Mertens is a citizen of the State of Florida, and plaintiff Gloria Mertens Peters, at the time of the commencement of this action was a citizen of the State of Florida.

2. The defendant Norman L. Schott is the duly qualified administrator of the estate of Thelma H. Schott and the said administrator is a citizen of the State of Indiana.

3. The amount in controversy with respect to each plaintiff exceeds the sum of Ten Thousand ($10,000.00) Dollars exclusive of interest and cost.

4. On May 2, 1964, plaintiff Barbara Crenshaw, then age fourteen (14), plaintiff Gloria Mertens Peters, then age fifteen (15), and plaintiff Albert L. Hansen, then age sixteen (16), and each of them, were social visitors in the home of the decedent Thelma H. Schott at her residence on the Bunker Hill Air Force Base in Miami County, Indiana. The decedent Thelma H. Schott was then twenty-six (26) years old. The minor plaintiffs, and each of them, were not able nor qualified to drive a motor vehicle in the State of Indiana. .

5. At approximately 9:00 P.M. on the evening of May 2, 1964, the minor plaintiffs, together with one Theresa Fligor, a contemporary of the minor plaintiffs, and Thelma H. Schott left the latter's residence enroute to Peru, Indiana. Thelma H. Schott left behind at her residence and unsupervised her three children of pre-school years.

6. Thelma H. Schott operated a certain 1964 MGB two-door sports car with the three minor plaintiffs and Theresa Fligor as passengers, without payment therefore, therein. Thelma H. Schott at all times exercised control of the vehicle, and treated her passengers as guests. The 1964 MGB two-door automobile was a two bucket seat vehicle designed to seat two persons, and had a small shelf immediately behind the two bucket seats upon which two of the female passengers were seated. The vehicle was a convertible.

7. A few minutes before 11:00 P.M. on May 2, 1964 the aforesaid sports car with the decedent Thelma H. Schott behind the wheel, and the four minors as passengers therein, was seen stopped at the Penguin Point Drive-In in Peru, Indiana. The top was down on said vehicle at that time. Thereafter the top was raised and shut. Thelma H. Schott was advised by Theresa Fligor that the latter must be home by 11:00 P.M.

8. The Penguin Point Drive-In in the city of Peru, Indiana is approximately twelve (12) miles distant from the scene of the wreck hereinafter mentioned.

9. Bunker Hill Air Force Base, situate in Miami County, Indiana, is located on the west side of U.S. Highway 31. Said U.S. Highway 31 runs in a general northerly and southerly direction past the east side of Bunker Hill Air Force Base. On the immediate south side of Bunker Hill Air Force Base, Old State Road 218 joins U.S. Highway 31 at right angles. Said Old State Road 218 runs in a general easterly and westerly direction from U.S. Highway 31 west to a point where it extends around the perimeter of an air strip on Bunker Hill Air Force Base. At that point Road 218 curves approximately forty-five (45) de-

grees to the left and south, coursing six-tenths of a mile into a ninety (90) degree righthand turn. A short straight-away ends in another ninety (90) degree righthand turn, causing Road 218 to run in a northerly direction for six-tenths of a mile into a forty-seven (47) degree lefthand turn, at which point the wreck occurred.

10. Old State Road 218 is not typical of high speed highways by way of elevation, angle of turns, and highway surface.

11. The host-driver Thelma H. Schott left from the Penguin Point Drive-In and proceeded homeward to the Air Force Base on Old State Road 218. She had been on this road before.

12. While enroute from Peru, Indiana, to the scene of the wreck Theresa Fligor and plaintiff Barbara Crenshaw were located on the aforesaid shelf of the 1964 MGB sports car. Albert L. Hansen was sitting adjacent to the right door of said vehicle; Gloria Mertens was sitting between Albert L. Hansen and the operator of the vehicle, Thelma H. Schott.

13. At the aforementioned place on Old State Road 218, and on the date in question, May 2, 1964, at approximately 11:15 P.M. Thelma H. Schott operated the 1964 MGB automobile past a standard Indiana marker bearing two standard signs which were as follows: (1) a diamond-shaped lefthand curve sign and (2) immediately below, a standard Indiana Highway speed sign bearing the legend "Speed Limit 20 M.P.H." The aforesaid sign (curve) was yellow with black legend and the second sign (speed) was white with black legend. The signs were situate three hundred and seventy one (371) feet from the curve where the wreck occurred.

14. Thelma H. Schott drove the small sports car straight off Old State Road 218, leaving four tire marks twenty-two (22) feet in length on the pavement and a thirty-five (35) foot continuation of each mark from the edge of the pavement to the edge of a large drainage hole, across which hole the vehicle travelled

some twenty-one (21) feet striking the far side of the hole some three feet down from the top edge thereof. Earth was scooped out at the point where the vehicle struck the back side of the hole. The vehicle then continued on and proceeded an additional twenty-four (24) feet out of and beyond the hole before coming to a rest on its wheels.

15. The aforesaid tire marks commenced at approximately two to three feet in from the east edge of the pavement and were very close together at point of inception. The marks tended to spread apart as they lengthened. The two lefthand marks were made by the front end of the vehicle and were separated by approximately one foot. The two righthand marks were made by the rear wheels of the vehicle and were separated by approximately one foot.

16. There were no obstructions to vision down the six-tenths of a mile straightaway past the aforesaid highway signs to the scene of the wreck. Lights from the nearby hangers and runway at Bunker Hill Air Force Base cast a glow in the sky in that area.

17. The critical speed of the curve where the wreck occurred, that is, the speed at which the centrifugal force of a vehicle overcomes friction on the roadway causing the vehicle to lose traction therewith, is forty-seven (47) miles per hour. The reaction time of the average motorist is three-quarters of one second.

18. Thelma H. Schott operated her vehicle at a speed of seventy (70) miles per hour west on Old State Road 218 into the first lefthand turn of forty-five (45) degrees, described above. On the curve at which the wreck occurred the accidentologist Mr. Billings estimated the vehicle speed at not less than forty-nine (49) miles per hour; the investigating police officer estimated a maximum speed of seventy (70) miles per hour. The Court finds that the vehicle was operated at a speed of at least sixty (60) miles per hour into the curve where the wreck occurred. The 1964 MGB was a

total loss as a result of the damage sustained in the wreck.

19. Thelma H. Schott was at least three hundred fifty-six (356) feet beyond the highway signs heretofore described and was some fifteen (15) feet south of the beginning of the lefthand turn at the time when she began to apply the car's brakes.

20. The minor plaintiffs lack the maturity of judgment with respect to the operation of and consequences of operation of a motor vehicle.

21. Thelma H. Schott, by virtue of the foregoing facts, was conscious of her conduct and the surrounding circumstances on the evening of May 2, 1964, and was conscious that injury to the minor plaintiff passengers would probably result if she maintained such course of conduct in the operation of the overcrowded vehicle on Old State Road 218. The application of brakes resulting in the tire marks at the immediate scene of the wreck when the vehicle was being operated at least sixty (60) miles per hour is further indication of disregard for the welfare of the passengers, as is demonstrated by operating the same vehicle at a speed of approximately seventy (70) miles per hour immediately prior to entering a similar curve no more than one and one-half miles prior thereto.

22. From the foregoing facts the preponderance of the evidence compels an inference that the host-driver on the evening of May 2, 1964, operated the 1964 MGB sports car with conscious disregard to the safety of her minor passengers, with conscious disregard to the overcrowding of the vehicle by permitting five persons to ride in a vehicle designed for two, and knowing that there was a very real and present likelihood that injury to the minor passengers would result if high speed was persisted in over the highway not designed for high speed travel due to surface, elevation, and nature of turns.

23. The minor plaintiffs Albert L. Hansen, Barbara Crenshaw and Gloria Mertens Peters were injured as a result of the wreck. The plaintiffs, and each of them, have been damaged thereby.

II

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of the parties and subject matter pursuant to 28 U.S.C. § 1332.

2. The minor plaintiffs Albert L. Hansen, Barbara Crenshaw, and Gloria Mertens Peters were guest passengers of the defendant's decedent, Thelma H. Schott, on May 2, 1964.

3. Defendant's decedent, Thelma H. Schott, was guilty of wanton misconduct within the meaning of the Indiana Guest Statute, Burns' Ind.Stat.Ann. § 47–1021.

4. The minor plaintiffs were injured, and the plaintiffs, and each of them, were damaged as a proximate result of the wanton misconduct of the defendant's decedent, Thelma H. Schott.

5. The defendant is liable to the plaintiffs, and each of them.